(No. 3577—■)

META CHRISTIANSEN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

GEORGE D. CARBARY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed on January 15, 1941, in which claimant seeks an award for personal injuries received when she was assaulted by Vivian Denton a paroled inmate of the St. Charles School for Boys, at St. Charles, Illinois.

Complaint further alleges that said Vivian Denton was on probation and had been placed in the home of claimant and her husband by the Parole Officer of the St. Charles School for Boys; that she was taken to the hospital and attended by Dr. F. M. Marstiller of Geneva, Illinois, and that as a result of said injuries she has been incapacitated and permanently injured. That she is 78 years of age. That she has not received compensation for said injuries, and makes a claim for the amount of Ten Thousand Dollars ($10,000.00).

The record in this case consists of the complaint, motion of the Attorney General, for respondent, to dismiss the complaint, and statement, brief and argument filed on behalf of respondent on motion to dismiss.

There is nothing in the record which would indicate a legal basis on which an award could be made in this case. There does not appear to be any contract with the State, nor was claimant employed by the State, for a consideration, to take care of the parolee. Claimant, therefore, does not come under the Workmen's Compensation Act. Even if an officer or agent of the respondent had been negligent in placing the paroled inmate in the home of claimant, this would afford no legal basis on which to allow the claim, as this court has repeatedly held that the rule of respondeat superior does not apply as against the State.

The Attorney General, for the respondent, also points out that claimant has not complied with paragraph A of Rule 6 of the Court of Claims, inasmuch as claimant has not filed a bill of particulars. This defect in the pleadings could be cured by amending the complaint, but inasmuch as this court has denied the claim on its merits, there is no necessity of doing so.

Respondent's motion to dismiss is sustained, and the claim is hereby dismissed.